UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORAMEX, LLC d/b/a KORIMPEKS PULP AND PAPER, a Washington limited liability company,

    Plaintiff,

    v.

AMERICAN PAPER RECYCLING CORP., an Illinois corporation,

    Defendant.

Case No. C05-5588FDB

ORDER GRANTING DEFENDANT'S MOTION RE LACK OF PERSONAL JURISDICTION AND REMANDING TO CLARK COUNTY SUPERIOR COURT

## INTRODUCTION

This cause of action was removed from Clark County Superior Court on diversity grounds. Defendant American Paper Recycling Corp. (APR) purchased paper products at various times between June 2003 and January 2004, and these products were warehoused in one of several southeastern states. APR purchased the products by telephone, fax, or email primarily from APR's Massachusetts office, which Plaintiff Noramex/Korimpeks shipped from one of their warehouses previously mentioned to one of two locations in Georgia. At some point, the parties agreed to end their business relationship and APR transferred back to Noramex/Korimpeks ownership of certain products sitting in one of the Georgia warehouses, but Noramex/Korimpeks now claims that 414 tons of that paper product is missing.

ORDER - 1

Defendant APR moves to dismiss the complaint for lack of personal jurisdiction. APR argues that there are insufficient contacts to establish "general jurisdiction" under Washington law because APR was not "transacting substantial and continuous business within the state of such character as to give rise to a legal obligation." *Raymond v. Robinson*, 104 Wn. App. 627, 633, 15 P.3d 697 (2001). APR also argues that "specific jurisdiction" over it cannot be established that APR "purposely availed" itself of Washington's laws, *Id.* at 637.

Plaintiff opposes dismissal on the grounds that the parties' relationship between June 2003 and December 2004 and 28 different orders totaling over one million dollars establishes both general and specific jurisdiction over this matter.

## DISCUSSION

The parties generally agree on the law. In a diversity matter, the question of personal jurisdiction is governed by the law of the forum state. *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990). Plaintiff has the burden of establishing that this Court has personal jurisdiction. *Im Ex Trading Co. v. Raad*, 92 Wn. App. 529, 533-34, 963 P.2d 952 (1998).

For "general jurisdiction" to exist over a non-resident, at the time the cause of action accrued, the plaintiff must show that the non-resident was "transacting substantial and continuous business within the state of such character as to give rise to a legal obligation." *Raymond*, *id.* When "general jurisdiction" exists, a federal court can, if permitted by the forum state's long-arm statute, exercise jurisdiction as to any cause of action even if unrelated to the defendant's activities within the state. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).

For "specific jurisdiction" to exist, the plaintiff "must establish three factors: (1) [APR] must have purposefully done some act or consummated some transaction in this state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice." *Raymond*, 104 Wn. App. At 637; RCW 4.28.185(1)(a).

ORDER - 2

There are insufficient contacts with this state for "general jurisdiction" to obtain. APR's purchase of "waste poly rolls" over a discrete time frame of 18 months where the products were shipped from warehouses outside of Washington to warehouses in Savannah, Georgia and Illinois and where APR may have had a representative visit Plaintiff's offices in Washington to solidify the business relationship, does not constitute the kind of "substantial and continuous" transaction of business to demonstrate "general jurisdiction" over APR. A purchase of goods, without more in the way of contacts with the forum state, is usually not sufficient to give rise to "general jurisdiction." *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 411-12 (1984).

Regarding "specific jurisdiction," Plaintiff contends that APR made the initial contact soliciting business from Noramex/Korimpeks. Moreover, Plaintiff contends that the resulting commercial relationship satisfies the purposeful availment requirement, that this cause of action arises from the forum-related transactions (the series of orders), and that exercise of personal jurisdiction over APR is reasonable and comports with fair play and substantial justice. Plaintiff then proceeds to discuss several factors that lead to this conclusion.

There are insufficient contacts for "specific jurisdiction" over this cause of action. "Who first contacted whom is less important the resulting commercial connection." *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 466, 975 P.2d 555, 558, *review denied*, 138 Wn.2d 1024, 989 P.2d 1136 (1999). APR's contacts with Washington are insufficient to confer specific jurisdiction, when performance of the contract is predominantly outside the state. In *CTVC of Hawaii v. Shinawatra*, 82 Wn. App. 699, 919 P.2d 1243 (1996), *review denied*, 131 Wn.2d 1020, 937 P.2d 1102 (1997), the plaintiff, a Washington corporation sued several Thai businesses with whom it had contracted to provide cable television services to Bangkok. One of the defendants traveled to Washington for some negotiations, but that act did not suggest that he :purposefully avail[ed] himself of the privileges of conducting activities in Washington" and thus the laws of Washington, especially since the entire performance of the contracts was to take place in Thailand.

ORDER - 3

The dispute here concerns how much paper was in a Georgia warehouse at a certain time. The witnesses in this matter are likely located in the Georgia area. The quality of APR's contacts with Washington in this case do not give rise to "specific jurisdiction." Rather than dismiss, however, because this matter was removed from state court, this matter will be remanded to the Clark County Superior Court for appropriate action.

ACCORDINGLY, IT IS ORDERED: Defendant's Motion To Dismiss for Lack of Personal Jurisdiction [Dkt. # 10] is GRANTED, this Court concluding that it does not have personal jurisdiction over the Defendant, and REMANDING this cause of action to Clark County Superior Court for appropriate action.

DATED this 4th day of November, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4